IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK STARR, | ) | CASE NO. 1: 17 CV 1820 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN ED SHELDON, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me[1] is the petition of Mark Starr for a writ of habeas corpus under 28 U.S.C. § 2254.[2]  Starr plead guilty to trafficking in heroin in the vicinity of a school zone and/or juvenile, possession of heroin in the vicinity of a school zone or juvenile in the Richland County Court of Common Pleas in 2015 and is serving 7 years. He is currently incarcerated at the Mansfield Correctional Institution in Mansfield, Ohio.

Starr raises four grounds for habeas relief.[3]  The State has filed a return of the writ arguing that the petition should be dismissed because the petition presents procedurally

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Benita Y. Pearson by non-document order dated 9/28/17.

[2] ECF # 1.

[3] ECF # 1.

defaulted claims, non-cognizable claims, and otherwise lacks merit.[4] Starr has filed a traverse.[5]

For the reasons that follow, I will recommend Starr's petition be dismissed in part and denied in part as is more fully set forth below.

## Facts

### A.    Underlying facts, conviction, and sentence

The facts that follow come from the decision of the appeals court.[6]

On June 7, 2014, the Richland County Grand Jury issued an indictment charging Starr with one count of trafficking in heroin in the vicinity of a school zone and/or juvenile and one count of possession of heroin in the vicinity of a school zone and/or juvenile, each with 2 forfeiture specifications.[7]  Starr pled not guilty to the charges.[8]

---

[4] ECF # 8.

[5] ECF # 11.

[6]  Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[7] ECF # 8, Attachment 1 at 82.

[8] *Id.*

Starr filed a motion to suppress evidence and/or limit the use of evidence on October 2014.[9]  The trial court denied the motion to suppress after an oral hearing on the motion in November 2014.[10]

At a February 24, 2015 plea hearing, Starr tried to plead no contest.[11]  The trial court rejected the no contest plea.[12]  After an off the record discussion with his attorney, Starr withdrew his former not guilty plea and pled guilty to both counts.[13]  The trial court accepted his guilty plea.[14]

The trial court sentenced Starr to a mandatory prison term of seven years on March 16, 2015.[15]

**B.    Direct Appeal**

*1.    Ohio Court of Appeals*

---

[9] *Id.*

[10] *Id.*

[11] *Id.*  The court of appeals decision says February 2014, but this is a typographical error.  *See id.* at 13.

[12] *Id.* at 82.

[13] *Id.* at 83.

[14] *Id.*

[15] *Id.*

Starr, by counsel, filed a timely[16] notice of appeal[17] with the Ohio Court of Appeals. In his brief, Starr filed one assignment of error: "The trial court erred and abused its discretion when it refused to accept defendant's no contest plea to the indictment."[18]

The state filed a brief in response.[19]  The Ohio appeals court overruled the assignment of error and affirmed the decision of the trial court.[20]

## 2.    *The Supreme Court of Ohio*

Starr, by counsel, thereupon filed a timely[21] notice of appeal with the Ohio Supreme Court.[22]  In his brief in support of jurisdiction, he raised one proposition of law: "Appellant was denied due process of law when he was denied access to appellate review."[23]

The state filed a brief in response.[24]   The Ohio Supreme Court declined to accept jurisdiction of the appeal.[25]

---

[16] Starr's conviction and sentence were journalized on March 17, 2015 (*id.* at 31) and the notice of appeal was filed on April 15, 2015. *Id.* at 32.

[17] *Id.* at 32.

[18] *Id.* at 38.

[19] *Id.* at 70.

[20] *Id.* at 90.

[21] *Id.* at 92.

[22] *Id.*

[23] *Id.* at 95.

[24] *Id.* at 130.

[25] *Id.* at 146.

## C.    Petition for Post-Conviction Relief

Starr, *pro se*, thereupon filed an untimely[26] petition for post-conviction relief.  In his brief, Starr raised the following four claims for relief:

1.    -Counsel was ineffective in his Representation to the Prejudice of the Petitioner. Petitioner was denied his right to a fair and just Trial by Jury, and to face his accusers, by being decieved into acception of a Guilty Plea/when he had already Plead no Contest- on Contract, were the Trial Court refused to accept the contract. -The Petitioner was denied the due process of Appealing his Suppression Hearing, and his Equal Protection to the Law, to Appeal his Plea and Sentence were he was not advised by counsel that he was going to have to give up his rights to appeal Once he plead No Contest, when knew there was never a agreed upon No Contest Plea. [sic]

2.    The Trial Court increased the Petitioner's Maximum Sentence from 4 years to years after Counsel has advised was to be agreed upon No Contest Plea of 4 years. this was one of the reasons the Petitioner took and signed the No Contest Contract, that is by law a binding contract one it was signed by the Petitioner and Counsel. [sic]

3.    The trial court violated the Petitioners Rights to Appeal his Suppression, hearing denial, as well as his right to appeal the errors in his No Contest Plea, were Appointed Counsel never advised the Petitioner that he would be giving up his right to appeal anything if he took the Guilty Plea, after he was forced to take the Guilty Plea because in an abuse of the Court Discretion was only accepting Guilty Pleas that day, --- taking the No Contest Plea off the table. After the Court forced a Off the Record conversation between me and Counsel whom promised the Petitioner he would come back to fully stand before a trial court on the suppression denial or the case would be fully dismissed for that reason, and because the trial court judge Abused its Discretion However the Counsel never addressed any of the Notice of Appeal violations. [sic]

---

[26] Post-conviction relief petitions must be filed no later than 365 days after the trial manuscript is filed in the direct appeal from the judgment of conviction and sentence.  R.C. 2953.21(A)(2).  The transcript was filed in Starr's timely direct appeal on June 23, 2015; therefore, Starr had until June 23, 2016 to file his petition for post-conviction relief.  He filed his petition on March 9, 2017, more than eight months past the deadline.

4.      The Petitioner has filed in a Notarized Affidavit the conversations between him and his Appointed Counsel as to everything that was stated off the Records, that effects his Constitutional Rights that has not been presented to the Courts in which proves Counsel Ineffective unreasonable assistance that prejudiced the petitioner,'s Constitutional Rights in every was to a Fair and Just Trial, and Plea. a I only took the Pleas of guilty because Counsel assured me she would get me justice. And that because the Judge did not like her , and took it out on me as his client. [sic][27]

The state filed a brief in response.[28]   The trial court overruled the petition because it was filed untimely and because Starr's claims were barred by *res judicata* and lacked merit or evidentiary support.[29]

## 1.      *Ohio Court of Appeals*

Starr, *pro se*, thereupon filed an untimely[30] notice of appeal.[31]  On June 23, 2017, the Ohio appeals court ordered Starr to provide additional information or case law in support of jurisdiction to the court by July 14, 2017.[32]

Starr filed timely his response to the Ohio appeals court's judgment entry, arguing his appeal should be considered timely as he placed the Notice of Appeal in the prison mail system on May 16, 2017.[33] The Ohio appeals court dismissed the appeal as untimely, finding

---

[27] *Id.* at 148-49.

[28] *Id.* at 181.

[29] *Id.* at 199.

[30] *Id.* at 206.

[31] *Id.* at 200.

[32] *Id.* at 206.

[33] *Id.* at 207.

that Starr failed to show a valid reason why the appellate court could accept jurisdiction over the untimely appeal.[34]Starr did not seek further review in the Supreme Court of Ohio.[35]

**D.    Petition for writ of habeas corpus**

Starr, *pro se*, timely filed[36] a federal petition for habeas relief.[37] As noted above, he raises four grounds for relief:

> **GROUND ONE:** The appellant was denied the right to the equal protection of the law, due process, and ineffective assistance of counsel when the trial court abused its discretion pursuant to Crim. R. 11(B)(2), and (C)(2).
>
> <u>Supporting Facts</u>:  The Petitioner attempted to Plead No Contest, after his Counsel had already advised him to sign and accept the No Contest Pleas, in order to be able to still appeal the denial of the Suppression Hearing. Counsel never advised the Petitioner that she had already missed the Crim. R. 12(H) time limit to file the Appeal on the Suppression hearing which did in fact Prejudice the Petitioner, and did violate his Equal Protections right were the petitioner on and off the record made it very clear that he wanted to appeal the suppression hearing, and was the reason he wanted a No Contest Plea, that was already signed by the petitioner, yet the Trial Court stated it would only take a a Not guilty Plea, or go to trial in two days when counsel was not prepared to do so. The Petitioner was afraid at that point and stated he just wanted to get it over!, and was told that his Consel would get it reversed on appeal. [sic]

---

[34] *Id.* at 214.

[35] See, ECF # 8 at 6.

[36]  The present petition for federal habeas relief was filed on August 30, 2017. ECF # 1. As such, it was filed within one year of the conclusion of Starr's direct appeal in the Ohio courts and so is timely under 28 U.S.C. § 2254(d)(1).

[37] ECF # 1.

**GROUND TWO:** The petitioner was prejudiced in violation of his Critical Stages of his of his pre-trial stages, when he was denied the right to appeal his suppression hearing in violation of his right to the equal protection of the law, and in violation of his Liberty interest. Through the Ineffective assistance of his trial Counsel. [sic]

Supporting Facts: The petitioner would have been fully exonerated from his charges if Counsel had been effective in his assistance, where the failure to timely file an appeal on the Suppression hearing.

**GROUND THREE:** The Trial Court Abused it Discretion when it dismissed the Post-Conviction Releif without holding a Official Evidentiary hearing on the Merits of the petition were the off the record issues support the on the record issues and proves that the appellant liberty interest have been fully violated in accepting a guilty plea. [sic]

Supporting Facts: There is not only a Constitutional standard before this Court as to the petitioner's rights there is a Statutory right to the post-conviction relief, pursuant to O.R.C. 2953.21-23, where his counsel not only prevented him from knowing of the facts in his case, that prejudiced him, by Counsel also failed to even advise the petitioner about any post-conviction relief time limits, nor did counsel speak of the petition. The petitioner brought the post-conviction relief, as soon as he discovered that he could file one after being told by the law library clerk. The petitioner did not know about the 180 day lime limit that was changed to 365 days. However, the petitioner found out about these time limited in 2017.[sic]

**GROUND FOUR:** The Trial Court Abused it Discretion when it denied the petitioner the right to the same equal protection and due process of the law, given to contract the acceptance of the Four (4) year plead deal offerd and signed by the Petitioner. Taking away his liberty interest in the lesser sentence. [sic]

Supporting Facts: Had the petitioner been able to keep the already agreed upon and signed Contract plea of No contest offering him Four (4) years and is one of the reasons he chose to sign the Plea Contract in the first place rather then go to trial, he would be

serving the (4) years rather then the (7) years, which did effective his liberty interest and how he saw his option in going to trial. The Trial Court took away the deal without any reason, never addressing the fact that the plea of No Contest had already been signed and agreed upon. [sic][38]

## Analysis

### A.    Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Starr is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[39]

2.    There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[40]

3.    In addition, Starr states,[41] and my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[42]

4.    Moreover, subject to the procedural default argument raised by the State, it appears that these claims have been totally exhausted in Ohio

---

[38] *Id.* at 5-11.

[39] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[40] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[41] *See*, ECF # 1 at 13.

[42] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

courts by virtue of having been presented through one full round of
Ohio's established appellate review procedure.[43]

5.  Finally, Starr has not requested the appointment of counsel.[44] He has
requested an evidentiary hearing to develop the factual bases of his
claims, but did so only in his traverse.[45] A motion asserted in a
responsive pleading, such as the traverse, is not properly made and so
"the federal habeas court does not err in declining to address such
issues newly asserted in the traverse."[46]

## B.  Standards of review

## 1.  *AEDPA review*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at

28 U.S.C. § 2254, strictly circumscribes a federal court's ability to grant a writ of habeas

corpus.[47]  Pursuant to AEDPA, a federal court shall not grant a habeas petition with respect

to any claim adjudicated on the merits in state court unless the state adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable
application of, clearly established [f]ederal law, as determined by the Supreme
Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of
the facts in light of the evidence presented in the [s]tate court proceeding.[48]

---

[43] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v.
Boerckel*, 526 U.S. 838, 842 (1999).

[44] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[45] ECF # 11 at 1.

[46] *Alt v. Eppinger*, 2015 WL 3489867, at *6 (N.D. Ohio June 2, 2015)(citing cases).

[47]  *See* 28 U.S.C. § 2254 (2012).

[48]  28 U.S.C. § 2254(d) (2012).

The Supreme Court teaches that this standard for review is indeed both "highly deferential" to state court determinations,[49] and  "difficult to meet,"[50] thus, preventing petitioner and federal court alike "from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts."[51]

a.      "Contrary to" or "unreasonable application of" clearly established federal law

Under § 2254(d)(1), "clearly established Federal law" includes only Supreme Court holdings and does not include dicta.[52]  In this context, there are two ways that a state court decision can be "contrary to" clearly established federal law:[53] (1) in circumstances where the state court applies a rule that contradicts the governing law set forth in a Supreme Court case,[54] or (2) where the state court confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but nonetheless arrives at a different result.[55]  A state court's decision does not rise to the level of being "contrary to" clearly established federal law simply because that court did not cite the Supreme Court.[56]  The state

---

[49] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted).

[50]  *Id.* (citation omitted).

[51] *Rencio v. Lett*, 559 U.S. 766, 779 (2010).

[52] *Howes v. Fields*, 132 S.Ct. 1181, 1187 (2012) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

[53]  *Brumfield v. Cain*, 135 S.Ct. 2269, 2293 (2015).

[54]  *Id.*

[55]  *Id.*

[56]  *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (per curiam).

court need not even be aware of the relevant Supreme Court precedent, so long as neither its reasoning nor its result contradicts it.[57]   Under the "contrary to" clause, if materially indistinguishable facts confront the state court, and it nevertheless decides the case differently than the Supreme Court has previously, a writ will issue.[58]   When no such Supreme Court holding exists the federal habeas court must deny the petition.

A state court decision constitutes an "unreasonable application" of clearly established federal law when it correctly identifies the governing legal rule, but applies it unreasonably to the facts of the petitioner's case.[59]   Whether the state court unreasonably applied the governing legal principle from a Supreme Court decision turns on whether the state court's application was objectively unreasonable.[60]   A state court's application that is "merely wrong," even in the case of clear error, is insufficient.[61]   To show that a state court decision is an unreasonable application, a petitioner must show that the state court ruling on the claim being presented to the federal court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[62]  Under the "unreasonable application" clause, the federal habeas court must

---

[57]  *Id.*

[58]  *See id.*

[59]  *White v. Woodall*, 134 S.Ct. 1697, 1699 (2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 407 (2000).

[60]  *Id.*(quoting *Lockyear v. Andrade*, 538 U.S. 63, 75-76. (2003).

[61]  *Id.*

[62]  *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

grant the writ if the State court adopted the correct governing legal principle from a Supreme Court decision, but unreasonably applied that principle to the facts of the petitioner's case.

b.      *"Unreasonable determination" of the facts*

The Supreme Court has recognized that § 2254(d)(2) demands that a federal habeas court accord the state trial courts substantial deference:[63]  Under § 2254(e)(1), "a determination of a factual issue made by a [s]tate court shall be presumed to be correct."[64] A federal court may not characterize a state court factual determination as unreasonable "merely because [it] would have reached a different conclusion in the first instance."[65] While such deference to state court determinations does not amount to an "abandonment or abdication of judicial review"or "by definition preclude relief,"[66] it is indeed a difficult standard to meet.  "The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual findings and to substitute its own opinions for the determination made on the scene by the trial judges."[67]

2.      *Procedural default*

---

[63]  *Brumfield*, 135 S.Ct. at 2277.

[64]  28 U.S.C. § 2254(e)(1) (2012).

[65]  *Brumfield*, 135 S.Ct. at 2277 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010).

[66]  *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination.") (internal quotation marks omitted)).

[67]  *Davis v. Ayala*, 135 S.Ct. 2187, 2202 (2015) (citation omitted).

-13-

Under the doctrine of procedural default, the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule.[68]

When the State asserts a violation of a state procedural rule as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)    Does a state procedural rule exist that applies to the petitioner's claim?

(2)    Did the petitioner fail to comply with that rule?

(3)    Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

(4)    Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[69]

In addition to establishing these elements, the state procedural rule must be (a) firmly established, and (b) regularly followed before the federal habeas court will decline review of an allegedly procedurally defaulted claim.[70]

If the State establishes a procedural default, the petitioner may overcome the default if he can show (1) cause for the default and actual prejudice from the court's failure to

---

[68] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

[69] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[70] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[71] In addition, a showing of actual innocence may also excuse a procedural default.[72]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, prevented him from complying with the state procedural rule.[73] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[74] If the petitioner cannot show a reasonable probability of a different outcome at trial, prejudice does not exist.[75]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[76] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated

---

[71] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[72] *Id.*

[73] *Id.* at 753.

[74] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[75] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[76] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[77]

## C.    Application of standards

Ground One appears to assert two separate sub-claims: (1) ineffective assistance of trial counsel for not advising Starr of an appeals deadline regarding the suppression hearing; and (2) denial of due process/ abuse of discretion by the trial court in not accepting a no contest plea. The first sub-claim concerning ineffective assistance of trial counsel is sole the subject of Ground Two. The second sub-claim concerning abuse of discretion by the trial court as to accepting a no-contest plea is the sole subject of Ground Four.

Ineffective assistance of trial counsel - Ground One (partial), Ground Two

As to the claim of ineffective assistance of trial counsel, the State argues that it is procedurally defaulted because it was not presented to Ohio court in a timely post-conviction petition.[78] Indeed, under Ohio law any claim of ineffective assistance of trial counsel must be raised either on direct review, or, in when trial and appellate counsel are the same (as here), in a timely post-conviction petition.[79]

Here, as is set forth in detail above, Starr's post-conviction motion was not timely filed. To that point, the Ohio trial court denied the post-conviction petition as untimely and

---

[77] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[78] ECF # 8 at 10-11.

[79] *State v. Cole*, 2 Ohio St. 3d 112, 114 (1982).

alternatively found that the claims were barred by *res judicata* or lacked merit.[80] Additionally, Starr failed to timely appeal from that decision.[81] The Ohio appeals court found that Starr failed to provide a valid reason for the late filing and so dismissed it.[82]

In dismissing Starr's untimely appeal, the Ohio court noted and relied on the timeliness provisions of Ohio Appellate Rules 4 and 5(a).[83] This time requirement is firmly established and regularly followed by Ohio courts[84] and is an adequate and independent state law ground for foreclosing federal habeas review.[85]

Starr has not shown any cause for his failing to file a timely appeal from the denial of his post-conviction motion. At best, he alleges in his traverse that his counsel failed to advise him of the existence of post-conviction remedies and of their time requirements.[86]

First, Starr's claim in his traverse concerns the initial filing of the post-conviction petition itself and not the filing of an appeal from its denial. Second, and most important, the Supreme Court has held that there is no constitutional right to counsel in state post-

---

[80] See, ECF # 8 at 5 (citing record).

[81] *Id.*

[82] *Id*. at 5-6 (citing record).

[83] ECF # 8, Attachment at 212

[84] *Watkins v. Dayton Correctional Institution*, 2016 WL 3855206, at *4 (S.D. Ohio July 15, 2016)(citation omitted).

[85] *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007).

[86] ECF # 11 at 5.

conviction proceedings.[87] In that regard, without such a federal constitutional right to counsel a habeas petitioner cannot allege ineffective assistance of counsel in a post-conviction proceeding as cause for any procedural default.[88]

Further, Starr cannot excuse the procedural default by claiming actual innocence. Starr has not set forth any new, reliable evidence of actual innocence that makes it more likely than not that no reasonable juror would find him guilty of the charges.[89]

Accordingly, that portion of Ground One dealing with ineffective assistance of counsel and all of Ground Two should be now dismissed as procedurally defaulted.

<u>Trial court abuse of discretion - Ground One (partial), Ground Three</u>

In part of Ground One Starr claims that the trial court abused its discretion/ denied him due process and equal protection in failing to allow a no contest plea. In Ground Three he maintains that the trial court abused its discretion in dismissing the post-conviction petition without an evidentiary hearing.

It is clear that federal habeas corpus proceedings do not provide a remedy for alleged deficiencies in state court post-conviction proceedings.[90] In fact, rulings by state court with regard to matters of state law are binding on federal habeas courts.[91]

---

[87] *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

[88] *Id*. at 752-53.

[89] *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

[90] *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007).

[91] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

-18-

Thus, even if Starr is factually correct as to his allegations concerning the post-conviction process, those claims are not cognizable here and so must be dismissed.

<u>Trial court abuse of discretion in not accepting a no-contest plea/Ground Four</u>

As the State notes, the crux of this argument is that the trial court's denial of a no-contest plea caused Starr's guilty plea to be functionally involuntary.[92]

It appears that Starr's intent at trial was to plead no contest so that he would then have an opportunity to appeal from the unfavorable outcome of his suppression hearing. Although he now frames Ground Four as a claim that the trial court abused its discretion in denying to accept the no-contest plea, he further argues that this denial of a no-contest plea effectively denied him the chance to appeal the results of the suppression hearing, thereby denying him due process and equal protection.[93]

Unpacking these arguments, I note first, as previously stated, that any issue centered on the trial court's use of its discretion in a post-conviction proceeding is not cognizable here.

I note further that while a criminal defendant has a constitutional right to a trial by jury, there is no constitutional right to plead guilty or no contest,[94] and the existence of rules concerning guilty pleas does not, or itself, confer such a right.[95] Indeed, as the Supreme Court

---

[92] See, ECF # 16.

[93] ECF # 1 at 11.

[94] *Lynch v. Overholser*, 369 U.S. 705, 719 (1962).

[95] See, *United States v. Bednarski*, 455 F.2d 364, 365-66 (1st Cir. 1971).

has stated, "[i]t's a novel argument that constitutional rights are infringed by trying the defendant rather than accepting his plea."[96]Rather, a guilty plea or a plea of no contest may be permitted after an accused knowingly, intelligently and voluntarily waives his constitutional right to a trial.[97]

I also observe that notwithstanding Starr's assertion that he was somehow denied the benefits of an agreed upon sentence, the record explicitly shows that Starr's counsel directly informed the trial judge that the parties could not agree on a sentence.[98]In that context, the trial court ordered the pre-sentence report and told Starr that after reviewing that report the court would be imposing a sentence of between three and eleven years.[99]On the record, Starr then stated that he understood.[100]

Thus, any implication that Starr was denied the benefits of an existing plea deal by the actions of the trial judge is plainly refuted by the record.

Here, the Ohio appeals court considered whether Starr's guilty plea was knowing, voluntary and intelligent given that the trial court had refused to consider a no-contest plea which would have preserved Starr's ability to appeal the court's decision in the suppression hearing. In that regard, the court observed that Starr does not question that the trial court

---

[96] *Weatherford v. Bursey*, 429 U.S. 545, 556 (1977).

[97] *North Carolina v. Alford,* 400 U.S. 25, 38-39 (1970).

[98] ECF # 8, Attachment at 18 (plea hearing).

[99] *Id.*

[100] *Id.*

satisfied the duties set out in Ohio Criminal Rule 11 for taking a guilty plea but rather "asserts under the totality of the circumstances, the trial court's summary denial of his no contest plea caused his guilty plea to be involuntary."[101]

The court then found that: (1) this was not a case where the trial judge had a blanket policy of refusing no-contest pleas; (2) Ohio Criminal Rule 11(C)(2) does not require that trial courts give reasons for rejecting no-contest pleas; (3) the State had not agreed to a no-contest plea; and (4) Starr was aware of the difference between a guilty plea and one of n0-contest, was represented by competent counsel and still voluntarily chose to plead guilty.[102]

Moreover, and to the point raised by Starr, the appeals court found that the trial judge did not express any desire to use the absence of a no-contest plea as a way of preventing Starr from appealing from the ruling in the suppression hearing.[103]

The appeals court concluded that:

> [T]here is no evidence before this Court, in any form, that the trial court interjected itself into the plea negotiations. Based on the colloquy that occurred on the record, we can only conclude that in accepting Starr's plea, the trial court met its burdens as outline in Crim. R. 11. The trial court clearly informed Starr of the impact that his guilty plea would have upon his rights. There is no indication in the record that Starr did not knowingly and voluntarily enter his guilty plea. Starr willfully chose to plead guilty while fully aware that he was not require to do so, in an attempt to minimize the sentence imposed on the charges. During the plea hearing, Starr expressly acknowledged his awareness

---

[101] ECF No. 8, Attachment at 85.

[102] *Id.*

[103] *Id.* at 86.

of the fact that he was pleading guilty and thereby waiving his right to appeal suppression issues.[104]

As the Ohio appeals court determined, Starr's guilty plea was knowing, voluntary and intelligent. Moreover, he had no federal constitutional right to have the trial court accept a no-contest plea. Finally, the trial court's decision in this regard did not deprive Starr of his right, under Ohio law, to appeal the result of the suppression hearing. If Starr wished to appeal that ruling he could have done so by going to trial and then including that ground in any subsequent appeal.

Where, as here, there is no clearly established federal law stating a right to enter a plea of no-contest, it is not an unreasonable application of clearly established federal law for a state court to decline to apply a purported Constitutional rule that has not already been clearly established by the United States Supreme Court.[105]Further, to the extent that Starr's claims are understood as raising an issue as to the validity of the guilty plea, the decision of the Ohio appeals court in those respects should be found to be not an unreasonable application of  clearly established federal law.

Thus, Ground Four, and similar aspects of this claim appearing in Ground One, should be denied on the merits.

## Conclusion

---

[104] *Id.* at 88.

[105] *Wright v. Van Patten*, 552 U.S. 120, 128 (2008).

For the foregoing reasons, I recommend that the petition of Mark Starr for a writ of habeas corpus be dismissed in part and denied in part as is set forth above.

Dated: January 10, 2020                          s/ William H. Baughman, Jr.
                                                 United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[106]

---

[106] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).