PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MARK STARR, ) | |
| ) | CASE NO. 1:17CV1820 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| WARDEN ED SHELDON, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Respondent. ) | **ORDER** |

Petitioner Mark Starr filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) alleging four grounds of relief which challenge the constitutionality of his conviction and sentence in the Richland County Court of Common Pleas. A Richland County Grand Jury indicted Petitioner on one count of trafficking in heroin in the vicinity of a school zone and/or juvenile and one count of possession of heroin in the vicinity of a school zone and/or juvenile, each with 2 forfeiture specifications. After the trial court rejected Petitioner's no contest plea, Petitioner pled guilty to the offense and was sentenced to seven years in prison.

The case was referred to Magistrate Judge William H. Baughman, Jr. for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2). On January 10, 2020, the magistrate judge issued a Report and Recommendation (ECF No. 12). In his

(1:17CV1820)

report, the magistrate judge recommends that the Court dismiss in part and deny in part the petition for the following reasons: (1) Ground One's portion pertaining to ineffective assistance of counsel is procedurally defaulted; (2) Ground One's claim regarding his no contest plea is not a cognizable federal habeas claim; (3) Ground Two is procedurally defaulted; (4) Ground Three is not a cognizable federal habeas claim; and (5) Ground Four and similar aspects of this claim appearing in Ground One should be denied on the merits. ECF No. 12 at PageID #: 415-21.

Fed. R. Civ. P. 72(b)(2) provides that objections to a report and recommendation must be filed within 14 days after service. Objections to the Report were, therefore, due on January 27, 2020.[1] Neither party has timely filed objections. Therefore, the Court must assume that the parties are satisfied with the magistrate judge's recommendations. Any further review by this Court would be a duplicative and inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, the Report and Recommendation of the magistrate judge is hereby adopted. Mark Starr's Petition for a Writ of Habeas Corpus will be dismissed in part and denied in part.

---

[1] Under Fed. R. Civ. P. 6(d), three (3) days must be added to the 14-day time period because Petitioner was served a copy of the Report by mail. *See Thompson v. Chandler*, 36 Fed.Appx. 783, 784 (6th Cir. 2002).

(1:17CV1820)

The Court certifies that there is no basis upon which to issue a certificate of appealability.

28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

|   March 31, 2020   |   */s/ Benita Y. Pearson*   |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |